CASE 97—PETITION ORDINARY—MAY 17.

# Jones v. Louisville & Nashville Railroad Company.

APPEAL FROM HARDIN CIRCUIT COURT.

MASTER AND SERVANT—FAILURE TO INSTRUCT INEXPERIENCED SERVANT.—Where a servant has actually operated and seen others operate an implement or machine often enough to enable him by the exercise of ordinary intelligence and care to learn how to avoid being injured by it, or where the mode of operating it is so simple as that a person of ordinary intelligence or care can at once perceive the safe and proper mode of operating it, there is no duty resting upon the master to instruct him.

Where a section-hand on a railroad while engaged, under the direction of the section-boss, in operating a hand-car stooped down to throw aside some loose tools on the floor of the car, and in doing so "lost the motion of the lever" and was thrown off the car and injured, the company was not liable on account of the failure of the section-boss to instruct him or to warn him of the danger, for while he had worked on the road only a few days, and had never before operated a hand-car, yet he had seen others do so, and must have known that it was dangerous "to lose the motion of the lever." And even if the section-boss was negligent in permitting the tools to be placed loose on the floor of the car, it does not appear that that negligence was the proximate cause of the injury to plaintiff, there being nothing to show that there was a reasonable probability of his being injured by the tools, and even if it had been necessary for them to be put aside he might have had the car stopped for the purpose.

J. P. HOBSON FOR APPELLANT.

1. The evidence shows that appellant had been a farm laborer, and when he began to work for appellee, told the foreman that he knew nothing of the business and that he would have to instruct him, which he agreed to do. Nothwithstanding this, he placed this inexperienced young man at the front end of the hand-car, a place of great danger for an inexperienced man, and gave him no instruction as to the danger or how to perform safely his duties. The danger was of a character not to be realized by an inexperienced man without warning, and by reason of plaintiff's ignorance of it he was knocked off the hand-car and received the injuries complained of. That in such a case he is entitled to remedy, the authorities are clear. (Parkhurst v. Johnson,

Jones v. Louisville & Nashville Railroad Company.

50 Mich., 70; s. c., 45 Am. Rep., 28; Smith v. Peninsular Car Works, 60 Mich., 501; s. c., 1 Am. St. Rep., 542; Sullivan v. India Mfg. Co., 113 Mass., 396; Jones v. Florence Mining Co., 66 Wis., 268; s. c., 57 Am. Rep., 269; Bishop on Non-Contract Law, sec. 651; Shearman & Redfield on Negligence, sec. 201.)

2. The court erred in giving a peremptory instruction. The evidence was sufficient to authorize the submission to the jury of the question of negligence. (1 Shearman & Redfield on Negligence, sec. 114 and notes; Eskridge's Ex'ors v. Cincinnati, &c., R. Co., 89 Ky., 372; Fightmaster v. Beasley, 7 J. J. M., 412; Rowland v. Hanna, 2 B. M., 131; Shakers v. Underwood, 9 Bush, 609; Louisville, &c., R. Co. v. Goetz's Adm'r, 79 Ky., 445; Railroad Co. v. Street, 17 Wall., 657.)

W. H. MARRIOTT FOR APPELLEES.

1. There was no negligence on the part of the section-boss in placing the tools on the floor of the car. But even if he was negligent in that regard the company would not be liable, because in the performance of such duties as picking up the tools and putting them on the car he is a fellow-servant with the other section-hands. (Justice v. Penn. Co., 6 Am. Railroad and Corp. Rep., 56; Schaub v. Hannibal, &c., R. Co., 106 Mo., 74; s. c., 16 S. W. Rep., 927.)

2. There was no negligence in placing plaintiff in front of the hand-car, as the evidence shows there is no more danger in riding on the front of a hand-car than behind, except that if you were to fall off in front the hand-car would run over you and if you were to fall off behind it would not. And to say that the section-boss should have warned plaintiff that it would be dangerous to do the thing he did do would be not only unreasonable but preposterous.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Appellant having, while engaged as an employe of appellee in operating a hand-car, been knocked from and run over by it, brought this action to recover for personal injury then received, which he states resulted from gross negligence of the section-boss, to whose orders he was at the time subject.

The alleged negligence consisted in the section-boss placing appellant at front end of the hand-car, the most dangerous position, for the purpose of working one of the levers, without informing him of the peculiar danger to which he was thereby exposed or instructing him how to

avoid it, although he had been employed only a few days as a section-hand and was unacquainted with the business of running hand-cars; and in the section-boss placing or permitting to be placed loose upon the floor of the car, working-tools, in the effort to avoid contact with which, while working the lever, appellant was struck by the lever and knocked from the hand-car and received the injury referred to.

As the lower court, at conclusion of the evidence in behalf of plaintiff, instructed the jury to find for defendant, which was done, the only question for us to consider is whether that action of the court was proper.

It appears that appellant was employed as a section-hand by the section-boss in behalf of appellee, and commenced work on Monday, and received the injury complained of the following Saturday; that each day during that period he, with his co-laborers, under control of the section-boss, was engaged in the work he was employed to do, which required the hand-car to be moved from place to place, and in moving which appellant, like other hands, took part. But he had never been before so employed, and of course was inexperienced and unskillful, being by occupation a day laborer of ordinary intelligence and capacity.

On the day he was injured, the hands, accompanied by the section-boss, had gone some distance from the station-house for the purpose of repairing the railroad, taking the hand-car with them; and the manner in which appellant was injured is thus stated by him as a witness: "When we started from where we did that work that morning, the tools were just throwed upon the car, and there was what they called the spike-maul hammer was jostling

down as the car was running, and it got down near my feet, and I got a little afraid of the handle and just stooped then to throw the hammer aside on the car further, and I lost the motion of the lever, I suppose, or something, anyhow the lever struck me, as I raised up, in my breast here, and pitched me off backwards on the road."

Accepting that statement as true, which must be done in determining whether the lower court was authorized to take the case from the jury, the inquiry is, first, whether appellee, by its servant, the section-boss, was guilty of culpable negligence that was the proximate cause of appellant being knocked from the hand-car and injured? Second, if so, whether but for the concurring or co-operating fault of appellant the injury would not have occurred; that is, might the injury have been avoided by the exercise of ordinary care on his part?

No doubt, as counsel contends "it is the duty of the master to give such warning to the servant of all defects or hazards incident to the occupation of which the master knows or ought to know, and such information as may be warranted by ignorance, inexperience or want of capacity of the servant and the dangerous nature of the employment." But when a servant has actually operated, and seen others operate, an implement or machine often enough to enable him, by the exercise of ordinary intelligence and care, to learn how to avoid being injured by it, or when the mode of operating it is so simple as that a person of ordinary intelligence or care can at once perceive the safe and proper mode of operating it, there is no duty resting on the master to instruct him. No person who has once worked the lever of a moving hand-car, or seen another do it, need be informed that it is dangerous,

in the expressive language of appellant himself, *to lose the motion of the lever*.

Whether it was negligence in the section-boss to place or permit the tools to be placed upon the floor of the hand-car without being fastened, is immaterial, because appellant was not injured thereby. Nor was it negligence to permit him to take position on front end of the car, because, while the actual injury is likely to be more serious to a person falling or knocked off the front than off the rear end, the danger of being injured is not, as appears from the evidence, so great.

It, however, seems to us plain that, whether the section-boss was guilty of negligence or not, the injury received by appellant was not the proximate result of his want of knowledge of the danger of stooping to throw the hammer aside, but was caused by his own fault, and might have been avoided by the exercise by him of ordinary care. For the evidence does not show there was a reasonable probability of his being injured or endangered by the hammer handle, and if it had been necessary, which does not appear, for it to be put aside, he might, by calling the attention of the section-boss, have had the car stopped for the purpose.

In our opinion there is no evidence showing or tending to show a cause of action in favor of appellant.

Judgment affirmed.